IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA PLAINTIFF/RESPONDENT

No. 5:09-CR-50088

JEREMY THOMAS ESTES DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 2, 2012, the Defendant/Movant Jeremy Thomas Estes (hereinafter "Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 48). The Government filed a Response on March 2, 2012. (Doc. 51). While afforded the opportunity to file a reply by April 6, 2012, Defendant did not do so. The §2255 motion is before the undersigned for Report and Recommendation.

**Background**

On September 16, 2009, a federal grand jury returned a seven-count Indictment against Defendant. (Doc. 1). Counts One through Six charged Defendant with receiving child pornography between February 16, 2009, and April 10, 2009, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Count Seven charged Defendant with possessing computer equipment containing child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

A jury trial was held on December 9 and 10, 2009. (Docs. 23, 24). Defendant objected to the Court's proposed jury instructions, arguing that the Government should be required to prove that the contraband images moved across state lines before the images were downloaded onto Defendant's computer in the Western District of Arkansas. Id. The Court overruled

AO72A
(Rev. 8/82)

Defendant's objection. (Doc. 42, p. 321-323, 328). The Court instructed the jury regarding the burden of proof on the elements of the charged offenses as follows:

THE COURT: ...The crime of knowingly receiving material involving the sexual exploitation of a minor in violation of Title 18, United States Code, Section 2252A2, as charged in Counts 1 through 6 of the indictment has four elements which are: one, that the defendant knowingly received visual depictions; two, that he received such visual depictions using a facility of interstate or foreign commerce; three, that producing such visual depictions involved the use of a minor engaging in sexually explicit conduct and; four, that the visual depictions were of such conduct.

The crime of knowingly possessing material involving the sexual exploitation of a minor in violation of Title 18, United States Code, Section 2252A4B, as charged in Count 7 of the indictment, has four elements which are; one, that the defendant knowingly possessed an Asus brand PC 900 Netbook, Serial Number 880AAQ0H4968, with an attached Western Digital external hard drive, Serial Number WHWXH908710731, which contained visual depictions; two, that such visual depictions had been transported using a facility of interstate commerce or foreign commerce; three, that producing such visual depictions involved the use of a minor engaged in sexually explicit conduct and; four, that the visual depictions were of such conduct...

[T]he phrase interstate commerce means commerce between any combination of states, territories, and possessions of the United States including the District of Columbia. The phrase foreign commerce means commerce between any state, territory, or possession of the United States and a foreign country. The term commerce includes, among other things, travel, trade, transportation, and communication. The internet is a facility of interstate commerce...



AO72A
(Rev. 8/82)

(Doc. 42, p. 330-333). After the jury retired for deliberations, the jury sent a note asking as follows:

THE COURT: ...Let the record further show that we have received a further communication at approximately 4 o'clock p.m. from the jury..., which reads as follows: "Is Element 2 in all counts satisfied by use (beyond a reasonable doubt) of a facility of interstate commerce to transport/download or by actually transporting/downloading across state lines." ...

I've displayed that communication to counsel. It has been discussed, and after discussing it with counsel, the Court has formulated this response, which will be - - a copy of which will be Court's Exhibit Number 4. "Ladies and gentlemen of the jury, in response to your communication, a copy of which is attached, you make the following inquiry," then I quote the inquiry out of the note. "My response is that I cannot answer your question as posed. The instructions tell you that in order to find the defendant guilty as to any count, you must find that all elements of each count ha[ve] been proven beyond a reasonable doubt. Element 2 of each of the other counts is (2) that he received such visual depictions using a facility of interstate of foreign commerce. I believe that if you read the instructions as a whole, you will be able to resolve your concerns. Respectfully, Jimm Larry Hendren." And there's a copy of the communication attached.

The Government did not object to the Court's response to the jury note. The defense objected:

MR. SCHISLER: Your Honor, I think that the response to the jury calls unnecessary attention to Count 2 - - I mean to Element 2 of both charges. It's clear from the note that they're aware that Element 2 is in the jury instructions that they already have, and I think that the instruction - - this answer should not be read because it calls unnecessary



AO72A
(Rev. 8/82)

attention to a particular element, and I preferred an earlier or a different version of the response.

THE COURT: All right. What is your version you wish to proffer?

MR. SCHISLER: "December 10, 2009. Ladies and gentlemen of the jury, in response to your communication, a copy of which is attached, my response is that you should consider the instructions as a whole." Period. Leaving out the - - well I'm not persuaded it needs any clarification. I think it should just be this, minus - - if the Court would like to read that into the record.

THE COURT: All right. So the defense's proffer will be Court's Exhibit Number 5, and it'll read, "Ladies and gentlemen of the jury, in response to your communication, a copy of which is attached, my response is that you should consider the instruction as whole. Respectfully, Jimm Larry Hendren." Is that your - -

MR. SCHISLER: Yes, it is, Your Honor.

THE COURT: All right. The United States objects to that?

MS. JENNER: Your Honor, we prefer that - -

THE COURT: Well, but you object to this, don't you?

MS. JENNER: Yes.

THE COURT: Okay. All right. I'll overrule your objection and make certain observations. You object to the response the Court has elected to give by saying it calls "unnecessary attention" to Element 2. I'll reject that notion because it is a necessary attention because that's what the jury has asked about. So for me to address it is not drawing unnecessary attention to it. It is absolutely necessary that I address it because that's what the jury asked about. I think the response that the Court would give is absolutely true. It misstates nothing and simply restates what the instructions unquestionably say, and it concludes by saying that, "I believe if you read the instructions as a whole, you'll be able to resolve your concerns." It also

> tells them that I can't answer their question as posed because it basically - - I don't know how it could be answered. Well, I can't answer it, and that's I say, I can't answer it as posed.
>
> Now in the response, you suggest, if my response calls unnecessary attention to Element 2, so does your proffer because it refers to their questions which is attached, and that's referring to Element Number 2. So the objection is overruled. I think the response made is correct and the one that will be made...

(Doc. 42, p. 361-364).[1]

On December 10, 2009, the jury convicted Defendant on all counts. (Doc. 25). A Pre-sentence Investigation Report (PSR) was prepared by the United States Probation Office on February 9, 2010. Prior to sentencing, Defendant objected to the attachment of the victim impact statements to the PSR. (Doc. 42, p. 375-376). The Court overruled Defendant's objection and allowed the victim impact statements to remain attached to the PSR. (Doc. 42, p. 438).

On June 9, 2010, Defendant was sentenced to 262 months imprisonment on Counts One through Six, and 240 months imprisonment on Count Seven, terms to run concurrently; a life term of supervised release; a $20,000.00 fine with interest waived; and a $700.00 special assessment. (Doc. 36).

On June 28, 2010, Defendant filed a Notice of Appeal. (Doc. 37). On appeal, Defendant's counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), in which counsel sought to withdraw, challenged the sentence as unreasonable, and citing United States v. Burkholder, 590 F.3d 1071 (9th Cir. 2010), argued that the District Court erred in allowing victim impact statements to be attached to the PSR. United States v. Estes, 409 Fed. Appx. 968

---

[1] Court Exhibit Number 4. (Doc. 42, p. 488).



AO72A
(Rev. 8/82)

(8th Cir. 2011)(unpublished opinion). The Eighth Circuit Court of Appeals found no merit to these arguments, and reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), found no nonfrivoulous issues for appeal. Accordingly defense counsel's leave to withdraw was granted, and the District Court's judgment was affirmed. Id. at 969.

On February 2, 2012, Defendant filed the instant *pro se* Motion to Vacate under 28 U.S.C. § 2255. (Doc. 48). Defendant asserts the following three grounds for relief: (1) the Court abused its discretion in attaching documents identified as victim impact statements to the PSR; (2) the sentence imposed was substantially unreasonable;[2] and (3) the "Court abused its discretion in the drafting of Jury Instruction Number 8 and then forcing the jury to make their decision despite their confusion by calling unnecessary attention to Element 2. The Court answered for the jury in the Court's response."

**Discussion**

**I. Grounds One and Two:**

The Eighth Circuit considered and rejected Defendant's contentions that the District Court erred in attaching victim impact statements to the PSR, and erred in imposing a substantially unreasonable sentence. Defendant cannot re-litigate these issues in a motion to vacate pursuant to § 2255. See Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011)(with rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal).

[2] In the form § 2255 motion completed by Defendant, Defendant did not separately set out the grounds forming the basis for Grounds One and Two of his motion; instead, Defendant simply submitted pages from his appellate counsel's Anders brief. Construing Defendant's § 2255 motion liberally, the Court will assume that he intended to assert the Anders brief issues as separate § 2255 grounds. While the Government has not addressed these grounds, this is of no consequence, because, as will be discussed below, these grounds are subject to summary dismissal. See Rule 4(b) of the Rules Governing Section 2255 Proceedings (If it plainly appears from the motion, attached exhibits and the record that the movant is not entitled to relief, the court must dismiss the motion without ordering the Government to respond).



AO72A
(Rev. 8/82)

**II. Ground Three:**

The Government argues that Defendant's claim regarding the Court's response to the jury question during its deliberations is procedurally defaulted, and is, in any event, without merit. Habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, and significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review. United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001)(citing Bousley v. United States, 523 U.S. 614, 621, (1998)), cert. denied, 534 U.S. 1097 (2002). "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." Id.; see also Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998)(where issue is raised for the first time in a § 2255 motion and petitioner did not raise the issue at trial or on direct appeal, the issue is procedurally defaulted), cert. denied, 528 U.S. 846 (1999).

The Defendant has made no showing that he is actually innocent of the crime for which he was convicted. Thus, his failure to raise his third claim on direct appeal procedurally bars him from raising this claim in the motion now before the Court unless he can demonstrate cause for his default and resulting prejudice.

Defendant states that he did not raise this third claim on appeal because his "counsel did not feel this issue had merit." (Doc. 48, p. 7). To the extent Defendant may be asserting that counsel was ineffective in this regard, for this to constitute cause and prejudice to excuse his procedural default, Defendant must show that counsel's assistance fell below an objective standard of reasonableness and that the deficient performance prejudiced the Defendant.



AO72A
(Rev. 8/82)

Defendant counsel's alleged advice that an appeal on this claim would be futile cannot constitute cause and prejudice excusing the Defendant's procedural default absent some showing that counsel's advice was unreasonable and that this advice prejudiced the Defendant. Cf.United States v. Planas, 884 F.Supp. 1488, 1493 (D.Kan.1995) (counsel was not ineffective in advising defendant that there was not a "chance in Hell" that appeal would succeed, where record demonstrated that appeal would have been futile), aff'd, 62 F.3d 1429 (10th Cir.). The Defendant can make no such showing, as an appeal based on the claim he presents in his current motion would, indeed, have been futile, given that the claim is without merit.

Defendant claims that the question posed by the jury during deliberations showed that the jury was confused by the Government's argument and the statute. (Doc. 48, p. 38-30). Specifically, Defendant argues that the Court's answer to the jury's question, wherein the Court said it could not answer the question as posed, but redirected the jury to Element Two of the counts and stated the resolution of their question was in the instructions, effectively took away the jury's duty to come to a resolution of its question on its own.

"The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court." United States v. Smith, 104 F.3d 145, 148 (8th Cir.1997) (citation and internal quotation marks omitted). In the present case, the jury sent a question to the trial court relating to Element 2, and how this element could be satisfied. (Doc. 42, Court's Exhibit 3). After discussing the question posed to counsel, and overruling defense counsel's objection with respect to mentioning Element 2 in the response, the trial court crafted a response. (Doc. 42, Court's Exhibit 4). In this response the trial court exercised its discretion by not



AO72A
(Rev. 8/82)

answering the jury question regarding how to satisfy Element 2 directly, but instead redirected the jury to read the instructions as a whole in order to resolve its question regarding Element 2. In this circumstance, referring the jury back to the original instructions was appropriate. See United States v. Abdul–Aziz, 486 F.3d 471, 476 (8th Cir.2007) ("This court has recognized that, in responding to a jury's request for supplemental instruction, it may be proper at times to simply refer the jury back to the original instructions.").

Finally, even if the trial court's instruction was inappropriate, which the Court does not find to be the case, as a general rule, "improper jury instructions are not cognizable in a § 2255 proceeding," Monteer v. Benson, 574 F.2d 447, 449 (8th Cir.1978), because such a proceeding is not a substitute for a direct appeal, Catches v. United States, 582 F.2d 453, 458 n. 11 (8th Cir.1978) (citing Jackson v. United States, 495 F.2d 349, 351 (8th Cir.1974)). Collateral relief, however, may be granted when an erroneous jury instruction constitutes "a fundamental defect" that results "in a complete miscarriage of justice, [or] an omission inconsistent with rudimentary demands of a fair trial." Louisell v. Director of Iowa Department of Corrections, 178 F.3d 1019, 1022 (8th Cir.1999) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); Merrill v. United States, 599 F.2d 240, 242 (8th Cir.1979). In this case, Defendant cannot establish that a constitutional violation has occurred so as to entitle him to § 2255 relief.

**Conclusion**

Based upon the forgoing, the Court recommends that the Defendant's § 2255 motion (Doc. 48) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file**

**timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 26th day of September 2012.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE